UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELLY FUQUA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-0318-CVE-TLW |
| | ) | |
| DEER RUN APARTMENTS, L.P., | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Summary Judgment (Dkt. # 18). Defendant asks the Court to grant summary judgment in its favor, arguing that the danger that allegedly caused plaintiff's injuries was open and obvious. Dkt. # 18, at 1. Plaintiff responds that this case falls into the exception to the open and obvious doctrine recognized by the Oklahoma Supreme Court in Wood v. Mercedes-Benz of Okla. City, 336 P.3d 457 (Okla. 2014). Dkt. # 31, at 1. Defendant replies that Wood created a narrow exception that does not apply in this case. Dkt. # 32, at 1.

**I.**

For the purpose of summary judgment, the facts of this matter are largely undisputed. Dkt. # 18, at 1; Dkt. # 31, at 1. Plaintiff and her husband have lived in one of defendant's apartment units since January 2012. Dkt. # 18, at 2; Dkt. # 31, at 2-3. Plaintiff's apartment is on the second floor, which is accessible by only one set of stairs. Dkt. # 18, at 2; Dkt. # 31, at 4. There are safety lights at the top and bottom of the stairs. Dkt. # 18, at 2; Dkt. # 31, at 4. Plaintiff asserts that the light at the top of the stairs has not worked since she moved in and that the light at the bottom of the stairs may have worked at one point, but later stopped working. Dkt. # 18, at 2; Dkt. # 31, at 4. Plaintiff

asserts that, even without the lights on the stairs, there is typically enough light to see the stairs from surrounding porch lights and a pole light located in the nearby parking lot. Dkt. # 18, at 3; Dkt. # 31, at 4.

On August 16, 2014 at approximately 12:10 a.m., plaintiff left her apartment to pick up some necessities from the store. Dkt. # 18, at 3; Dkt. # 31, at 5. Plaintiff went down the stairs, but a few steps from the bottom, she mistakenly thought she had reached the ground and fell to the bottom of the stairs, injuring her ankle. Dkt. # 18, at 3; Dkt. # 31, at 5. Plaintiff asserts that the porch lights, stair lights, and pole light were either turned off or not working when she fell. Dkt. # 18, at 3; Dkt. # 31, at 6. Plaintiff subsequently brought this suit against defendant, alleging that defendant acted negligently by failing to use ordinary care to keep its premises safe, by failing to repair a hidden danger it knew about or should have known about, and by failing to warn plaintiff of a danger it knew about, should hav eknown about, or was created by its employees. Dkt. # 2, at 6. Defendant now moves for summary judgment. Dkt. # 18.

**II.**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a

disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. at 327 (quoting Fed. R. Civ. P. 1).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law." Id. at 251-52. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Defendant argues that the Court should not to consider plaintiff's affidavit (Dkt. # 31-1). The affidavit contains the following sentence: "It also states in my lease agreement that Defendant is responsible for maintaining and fixing the light fixtures in the outside common areas." Dkt. # 31-1, at 2. Defendant argues that the Court should not consider the affidavit because "[p]laintiff's characterization of the contents of a document not in evidence is not admissible testimony." Dkt. # 32, at 6 n.1. "At the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or the substance of the evidence must be admissible." Bryant v. Farmers Ins. Exch., 432 F.3d 1114, 1122 (10th Cir. 2005) (citing Hardy v. S.F. Phosphates

3

Ltd., 185 F.3d 1076, 1082 n.5 (10th Cir. 1999)). Plaintiff's statement goes to the content of her lease agreement, and defendant gives no reason why the lease agreement would not be admissible. Because the lease agreement would be admissible at trial, her statement about the lease agreement may be considered here. In any case, plaintiff's characterization of her lease agreement in her affidavit is not dispositive of the Court's ruling herein.

### III.

To establish a claim of negligence, plaintiff must show: "(1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." Scott v. Archon Grp., L.P., 191 P.3d 1207, 1211 (Okla. 2008). Whether a duty exists is a question of law. Id. (citing Sutherland v. St. Francis Hosp., Inc., 595 F.2d 780, 783-84 (Okla. 1979)). "It is well-settled premises liability law that the duty of care which an owner or occupier of land has toward one who comes upon his or her land and is injured because of the condition of the premises, varies with the status occupied by the entrant." Id. The parties agree that plaintiff was an invitee. Dkt. # 18, at 6-7; Dkt. # 31, at 2 n.1. A landowner is obligated to "exercise reasonable care to keep the premises in a reasonably safe condition and to warn [an invitee] of conditions which [are] in the nature of hidden dangers, traps, snares or pitfalls." Wood, 336 P.3d at 459 (quoting Martin v. Aramark Serv., Inc., 92 P.3d 96, 97 (Okla. 2004)) (alterations in original).

Defendant argues that it did not have a duty to plaintiff to fix the lights in and around the stairway because the lack of light on the stairs was open and obvious. Oklahoma has long held that a landowner has no duty to render safe an open and obvious danger. See, e.g., Sholer v. ERC Mgmt. Grp., LLC, 256 P.3d 38, 43 (Okla. 2011). However, the Oklahoma Supreme Court recently held in

Wood that the open and obvious doctrine is not absolute. In Wood, the plaintiff was an employee of a catering company hired to cater an event at Mercedes-Benz of Oklahoma City. Wood, 336 P.3d at 458. When the plaintiff arrived at the building, she noticed that the grass, pavement, and sidewalks surrounding the building were covered in ice. Id. The ice was caused by the defendant's sprinkler system. Id. The plaintiff fell on the ice, injuring herself, and subsequently sued Mercedes-Benz of Oklahoma City, alleging negligence based on the company's failure to maintain its premises in a reasonably safe condition. Id. at 458-59. The trial court granted summary judgment for the defendant, and the Oklahoma Court of Civil Appeals affirmed, holding that the defendant owed no duty to the plaintiff because the ice was an open and obvious danger. Id. at 459.

The Oklahoma Supreme Court reversed the appellate court's decision, holding that the key inquiry for assessing the existence of a duty in negligence cases is foreseeability. Id. The court explained that "a landowner 'does have a duty to exercise ordinary care to prevent injury to another whenever the circumstances are such that the owner, as an ordinary prudent person, could reasonably foresee that another will be in danger of injury as a probable consequence of the owner's actions.'" Id. at 460 (quoting Brown v. Alliance Real Estate Grp., 976 P.2d 1043, 1045 (Okla. 1999)) (emphasis omitted). Thus, in Woods, the open and obvious doctrine did not apply because "it was foreseeable that [the catering company's] employees would encounter the icy hazards created by the sprinkler system and would likely proceed through the dangerous condition in furtherance of their employment." Id.

The Tenth Circuit has described Wood as Oklahoma adopting the open and obvious doctrine set out in the Restatement (Second) of Torts, which states that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger

is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Martiniez v. Angel Expl., LLC, 798 F.3d 968, 976 (10th Cir. 2015) (quoting Restatement (Second) of Torts § 343A(1) (1965)) (emphasis omitted). Harm is foreseeable "where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." Restatement (Second) of Torts § 343A cmt. f; see also Martinez, 798 F.3d at 977. Thus, harm is not foreseeable in the "typical case" because "the invitee can protect herself by leaving the premises when an open and obvious hazard is encountered or by avoiding the premises altogether." Wood, 336 P.3d at 459 n.6. But harm is foreseeable where, like in Wood, the hazardous condition must be faced in order to carry out one's job responsibilities. See id. at 460 n.8 (noting that the defendant had a duty because the plaintiff "was required to cross the hazardous condition in furtherance of her employment."); Restatement (Second) of Torts § 343A cmt. f, illus. 5 (example of foreseeable harm where employee had to take slippery waxed stairway, whose condition was visible and obvious, to access his office).

     Here, there is undisputed evidence that the dark stairway was an open and obvious hazard. Dkt. # 18-1, at 20 (Q: There was nothing hidden about the fact that the stairway was dark. Correct? . . . A: Yes. Q: And when you walked out the door it's open and obvious to you that the stairway is dark? A: Yes."). However, as in Wood, defendant could reasonably foresee that plaintiff would be in danger of injury as a probable consequence of its actions. Defendant argues that Wood does not apply where the plaintiff was not on the property pursuant to employment obligations. Dkt. # 32, at 2-5. But defendant misunderstands Wood and what the Oklahoma Supreme Court means by foreseeability in a premises liability case. The Wood exception applies when it is foreseeable that

an invitee will be in danger of injury as a probable consequence of the landowner's actions despite the open and obvious nature of the hazard. In other words, for a risk to be foreseeable, a reasonably prudent person would have to foresee that a reasonable person would recognize an open and obvious danger and proceed anyway. In Wood, it was foreseeable that the plaintiff would see the hazardous ice and walk across it anyway because she had to get in the building as a part of her job. In contrast, it would not be reasonably foreseeable that a random customer would appear at the dealership, see the open and obvious danger, and walk across it anyway because the customer did not have a compelling reason, such as an employment obligation, to be there.

This case involves a tenant descending a staircase even though it is obviously dark because it the only way to leave her apartment. Just as it is foreseeable that an employee would walk over obviously dangerous ice to get to her job, it is foreseeable that a tenant will walk down an obviously dangerous stairway to exit her apartment building. Defendant argues that nothing was compelling plaintiff to go down the staircase in the dark, and she could have waited until dawn to leave her apartment. Dkt. # 32, at 5. But the question is not whether defendant <u>had</u> to go down the stairs, but whether it was <u>reasonably foreseeable</u> that she would. Any argument that it is not reasonably foreseeable that a tenant will use the stairway that is the only means of exiting her apartment building after dark is ludicrous. A reasonably prudent person would not expect a tenant to leave her apartment only during the daylight.

In <u>Wood</u>, the Oklahoma Supreme Court created an exception to the open and obvious doctrine based on foreseeability, and in that case the plaintiff's injury was foreseeable because she needed to cross the dangerous ice to perform her job. <u>Wood</u> is limited by foreseeability; it is not limited to cases where the employee was on the premises as a part of her employment. Here, <u>Wood</u>

applies because it was foreseeable that plaintiff would go down the dark staircase despite its obvious danger because it was the only way to exit her apartment building after dark.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Dkt. # 18) is **denied**.

**DATED** this 28th day of March, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] In its reply (Dkt. # 32), defendant also argues that it was not defendant's duty to maintain plaintiff's porch light because it is not part of the "common area." Defendant's summary judgment motion (Dkt. # 18) is based entirely on the open and obvious doctrine, and the porch light issue was first raised in defendant's reply. Courts generally do not consider arguments or evidence first raised in a reply because it would be unfair to the nonmoving party, who has no opportunity to respond, and unfair to the Court, who would have to decide the issue without the benefit of the adversarial process in clarifying the issue. See Pinnacle Packaging Co. v. One Equity Partners (Europe) GmbH, No. 12-CV-537-JED-TLW, 2016 WL 6638621, at *1 (N.D. Okla. May 4, 2016) (quoting Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1278 (10th Cir. 1998)). Because defendant first raised the argument in its reply, the Court declines to address it.